UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID F. POEHLER,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN E. POTTER,<br>as Postmaster General,<br><br>    Defendant. | Civil Action No. 04-30192-MAP |

## ANSWER

The defendant, John E. Potter, Postmaster General, by and through his attorney, Michael J. Sullivan, United States Attorney, answers the Complaint as follows:

### Parties

1. As to paragraph 1, the defendant has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

2. As to paragraph 2, the defendant admits that John E. Potter is the Postmaster General for the United States with a principal place of business in Washington, D.C. The defendant denies the remainder of paragraph 2.

### Jurisdiction

4. As to paragraph 4, the defendant denies that 28 U.S.C. 1332 provides the jurisdictional basis for this action.

5. As to paragraph 5, the defendant admits that on June 25,

1

2004, a "Notice of Final Decision" was issued by Robert S. Hylen, Manager, EEO Compliance and Appeals. As to the remaining allegations of paragraph 5, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

6. Defendant denies the allegations contained in paragraph 6.

7. As to paragraph 7, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

8. As to paragraph 8, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

9. Paragraph 9 does not set forth any allegations to which the defendant can plead. To the extent paragraph 9 incorporates arguments contained in the attachment, the allegations of paragraph 9 are denied. The defendant further notes that paragraphs 8 and 9 appear to relate to a separate complaint by the plaintiff that is not the subject of this lawsuit.

10. The allegations contained in paragraph 10 constitute a prayer for relief for which no response is required. To the extent the allegations contained in paragraph 10 are deemed to contain allegations of material fact to which a response is required, the defendant denies the allegations.

11. The allegations contained in Paragraph 11 constitute a

demand for a jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

1. To the extent this action alleges delay in the processing of plaintiff's worker's compensation claim, the court lacks subject matter jurisdiction.
2. The defendant had legitimate and non-discriminatory reasons for all of its actions.
3. Any accommodation beyond the reasonable accommodation provided by the defendant would constitute an undue hardship.
4. The plaintiff failed to mitigate his damages.

WHEREFORE, the defendant requests that judgment enter in his favor and that the court grant costs and such further relief as may be appropriate.

```
                              Respectfully submitted,

                              JOHN E. POTTER
                              Postmaster General,

                              By his attorney,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                          By: /s/ Karen L. Goodwin
                              Karen L. Goodwin
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              Federal Building & Courthouse
                              1550 Main Street, Room 310
                              Springfield, MA  01103
                              413-785-0235
Dated:
```

CERTIFICATION

   This is to certify that a copy of the foregoing was mailed this date, postage prepaid to David F. Poehler, 61 Rest Way, Springfield, MA 01119.

_____
KAREN L. GOODWIN