UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
DAVID POEHLER,                      )
                                    )
        Plaintiff,                  ) No. 04cv30254-MAP
                                    )
                                    ) No. 04cv30192-MAP
    v.                              )
                                    )
                                    )
JOHN E. POTTER,                     )
Postmaster General,                 )
United States Postal Service        )
        Defendant                   )
                                    )
_____)

DECLARATION OF LINDA GREANEY

1.  I, Linda Greaney, make this declaration pursuant to the provisions of 28 U.S.C. § 1746.

2.  I am over the age of 18 and understand the obligations of an oath. This declaration is based upon a review of official United States Postal Service ("Postal Service") records and my personal knowledge of the plaintiff's complaints and Equal Employment Opportunity ("EEO") procedures.

3.  I am employed by the Postal Service as an EEO Compliance and Appeals Specialist in the Northeast Area Appeals Processing Center, Windsor, Connecticut.

4.  In my position as EEO Compliance and Appeals Specialist, I have access to records relating to EEO

complaints filed by Northeast Area postal employees, including correspondence from the Equal Employment Opportunity Commission ("EEOC") pertaining to EEO complaints.

5. The following is a summary of the administrative processing of the EEO complaints that the plaintiff claims are the subject of Poehler v. Potter, 04-30192-MAP and Poehler v. Potter, 04-30254-MAP.

**EEO Complaint 1B-012-0026-99:**

6. On June 2, 1999, David Poehler filed EEO complaint 1B-012-0026-99, alleging that Robert Koestner discriminated against him due to his sex and age when he did not permit Poehler to become a supervisor without going through the "ASP" program. Ex. 1.

7. On May 4, 2001, Attorney Mary Ann Lane entered an appearance on behalf of Poehler. On September 20, 2001, Poehler, through his lawyer, requested a hearing before an Administrative Judge ("AJ"). Ex. 2.

8. On June 26, 2003, an AJ with the EEOC's Boston Area Office issued a decision in favor of the Postal Service, finding no discrimination. Ex. 3.

9. On July 1, 2003, the Postal Service issued a notice of final action implementing the AJ's decision

finding no discrimination. The notice advised the plaintiff of his right to appeal to the Office of Federal Operations ("OFO") at the EEOC within 30 days or to file a lawsuit within 90 days. Ex. 4.

10. On July 23, 2003, the plaintiff, through his lawyer, appealed to the OFO. Ex. 5.

11. On October 27, 2003, the OFO affirmed the Postal Service's final order that implemented the AJ's decision. The OFO decision notified Poehler of his appeal rights, including the right to file a lawsuit within 90 days. Poehler did not file a lawsuit within 90 days of the EEOC decision. Ex. 6.

### EEO Complaint 1B-012-0034-01

12. On June 20, 2001, Poehler filed EEO complaint 1B-012-0034-01, alleging unspecified retaliation based on having filed EEO complaint 1B-012-0026-99. Poehler named C. Clark, M. Sales, E. Maio, Alan Hearn and unspecified management named as the discriminating officials. Ex. 7. The Postal Service consolidated Complaint 1B-012-0034-01 with one later filed complaint, 1B-012-0056-01, filed on September 13, 2001. Ex. 8. Complaint 1B-012-0034-01 was also amended to include additional discrimination claims on October 9, 2001 and November 14, 2001. Exs. 9, 10.

The Postal Service did not consolidate EEO Complaint 1B-012-0026-99 with complaint 1B-012-0034-01 at any time.

13. Poehler and his EEO counselor defined the issues raised in complaint 1B-012-0034-01 as being the following: (1) Notice of Proposed Removal reduced to a seven-day suspension; (2) the hiring of former Emery employees as supervisors; and (3) a November 2000 investigation into Poehler's disability. Ex. 11. On July 19, 2001, the agency accepted for investigation the claim concerning the disciplinary action, but dismissed the remaining claims. Ex. 12.

14. On November 1, 2001, Poehler submitted an affidavit outlining the actions that he believed to be the subject of complaint 1B-012-0034-01. The issues were: (1) the initial March 15, 2001, notice of proposed removal; (2) the July 18, 2001, seven-day suspension; (3) a comment made by Al Hearn on August 30, 2001; and (4) denial of overtime on the Labor Day weekend, 2001. Ex. 13.

15. On July 14, 2004, Poehler, through his attorney, requested a hearing before an AJ. Ex. 14.

16. On September 27, 2004, an AJ with the EEOC's Boston Area Office issued a decision in favor of the Postal Service, finding no discrimination. Ex. 15.

17. On September 30, 2004, the Postal Service issued a Notice of Final Action implementing the AJ's finding of no discrimination regarding Poehler's accepted claims and notifying him of his right to file a lawsuit within 90 days of the decision. Ex. 16.

### EEO Complaint 1B-011-0008-03

18. On May 29, 2003, Poehler filed EEO Complaint 1B-011-0008-03, alleging age and disability discrimination as well as retaliation in the April 7, 2003, denial of a transfer to a custodial position. Poehler named Richard Wentzel as the discriminating official. Ex. 17.

19. On September 29, 2004, the plaintiff requested an agency decision without a hearing. Ex. 18.

20. November 1, 2004, the Postal Service issued a final decision finding no discrimination and notifying him of the right to file a lawsuit within 90 days. Ex. 19.

### EEO Complaint 1B-012-0031-02

21. On April 16, 2002, Poehler filed EEO Complaint 1B-012-0031-02 alleging disability discrimination and retaliation in connection with the following events: (1) he was not made whole following rescission of a letter of removal; (2) denying his request for sick leave on January 12, 2002; (3) not allowed to work January 31, 2002 through February 14, 2002; (4) not timely processing his worker's

compensation claim; and (5) not providing reasonable accommodations. Ex. 20.

22. By letter dated May 10, 2004, the plaintiff, through Attorney Joseph Cabrera, Jr., requested a final agency decision without a hearing. Ex. 21.

23. On June 25, 2004, the Postal Service issued its final decision finding no discrimination and notifying Poehler of the right to file a lawsuit within 90 days. Ex. 22.

I hereby declare that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Linda Greaney

March 30, 2006