NORTHEAST AREA OFFICE


**UNITED STATES POSTAL SERVICE**™

# UNITED STATED POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY CASE
# IN THE MATTER OF:

| | |
|---|---|
| David F. Poehler,<br>Complainant, | Case No. 1B-012-0031-02 |
| v. | Filed on April 16, 2002 |
| John E. Potter,<br>Postmaster General,<br>Respondent. | |

## Notice of Final Decision

This is the Postal Service's final decision in regard to your complaint of discrimination. In that complaint, you claim discrimination based on your physical and mental disabilities and in retaliation for prior EEO activity, when (1) you were not made whole after the February 9, 2002 rescission of the Letter of Decision – Removal; (2) your request for sick leave for January 12, 2002 was denied; (3) you were not allowed to work during the period January 31, 2002 through February 14, 2002; (4) management delayed the processing of your OWCP Form CA-2 that you submitted on January 10, 2002, and your inquiries as to why the delay have not been answered, and (5) you have been denied reasonable accommodation since February 13, 2002.

By letter dated May 10, 2004, received by the Agency on May 12, 2004, you requested a final agency decision without a hearing. This decision is being issued pursuant to your request. It is noted that your request was received prior

8 GRIFFIN ROAD N
WINDSOR CT 06006-7000

David F. Poehler
Page 2

to the completion of the processing of your complaint by an Equal Employment Opportunity Investigator. The completed report of investigation was received by the Appeals Processing Center on June 18, 2004. Therefore, a copy of the completed Investigative Report and complaint file was transmitted to you with this final agency decision.

To prevail on a claim of unlawful discrimination, a complainant must satisfy the three-part evidentiary scheme in **McDonnell Douglas Corporation v. Green**, 411 U.S. 792 (1973). A complainant must initially establish, by preponderant evidence, a **prima facie** case of discrimination. The **prima facie** elements are determined by the circumstances of the case and the bases of discrimination alleged. **International Brotherhood of Teamsters v. United States**, 431 U.S. 324, 358 (1977). The agency must then articulate legitimate nondiscriminatory reasons for its actions. Finally, the burden returns to the complainant to prove, by a preponderance of the evidence, that the agency's ostensibly legitimate and nondiscriminatory reasons are pretextual. **Cooper v. Federal Reserve Bank of Richmond**, 467 U.S. 867, 875 (1984); **U.S. Postal Service Board of Governors v. Aikens**, 460 U.S. 711, 715-6 (1983); **Texas Department of Community Affairs v. Burdine**, 450 U.S. 248, 253-6 (1981).

At all times, the ultimate burden of persuasion remains with the complainant. **Board of Trustees of Keene College v. Sweeney**, 439 U.S. 24, 25 N.2 (1978). This burden was reaffirmed and clarified in **St. Mary's Honor Center v. Hicks**, 509 U.S. 502 (1993). In **Hicks**, the Court held that in order to impose liability upon an employer for discriminatory employment practices there must be an ultimate finding of unlawful discrimination regardless of whether or not the employer's explanation for its action was believable.

In order to establish a **prima facie** case of disparate treatment, a complainant must demonstrate: (1) that he/she belongs to a statutorily protected group; (2) that he/she is similarly situated with employees outside his/her protected group; and (3) that he/she was treated differently than those employees. In order for two or more employees to be considered similarly situated for the purpose of creating an inference of disparate treatment, a complainant must show that all of the relevant aspects of his/her employment situation are nearly identical to those of the other employees who he/she alleges were treated differently. **Smith v. Monsanto Chemical Co.**, 770 F.2d 719, 723 (8th Cir. 1985); **Murray v. Thistledown Racing Club, Inc.**, 770 F.2d 63, 68 (6th Cir. 1985); **Nix v. WLCY Radio/Rahall Communications**, 738 F.2d 1181, 1185 (11th Cir. 1984); **Payne v. Illinois Central Gulf Railroad**, 655 F. Supp. 1308, 1333 (W.D. Tenn. 1987).

The Commission has long held that employees are similarly situated when they are subjected to the same supervisor, perform the same job function, are on the same tour of duty, and are subjected to an adverse employment action during

David F. Poehler
Page 3

approximately the same period. **O'Neal v. United States Postal Service**, EEOC Request No. 05910490 (July 23, 1991). The courts have held that:

> "Employees are not 'similarly situated' merely because their conduct might be analogized. Rather in order to be similarly situated, other employees must have reported to the same supervisor as the plaintiff, must have been subjected to the same standards governing performance evaluation and discipline, and must have engaged in conduct similar to the plaintiff's without such differentiating or mitigating circumstances that would distinguish their conduct or the appropriate discipline for it (emphasis furnished)." **Mazzelli v. RCA Global Communications, Inc.**, 642 F. Supp. 1531, 1547 (S.D. N.Y. 1986), Aff'd 814 F.2d 653 (2nd Cir. 1987).

In other words, "apples should be compared to apples." **Dartmouth Review v. Dartmouth College**, 889 F.2d 13, 19 (1st Cir. 1989).

Courts have adopted and applied the Title VII burdens of proof to disability discrimination. See **Norcross v. Sneed**, 755 F.2d 113 (8th Cir. 1985); **Prewitt v. United States Postal Service**, 662 F.2d 292 (5th Cir. 1981). In order to establish a **prima facie** case of disability discrimination, a complainant must prove, by a preponderance of the evidence, that he was treated differently than individuals not within his protected group, or that the agency failed to make a needed reasonable accommodation, resulting in adverse treatment of the complainant. See **Sessions v. Helms**, 751 F.2d 991, 992-3 (9th Cir.), cert. denied 474 U.S. 846 (1985). A complainant also must demonstrate a causal relationship between the disabling condition and the agency's reasons for the adverse action.

The Supreme Court has held that the determination of whether a person is an "individual with a disability" must be based on his or her condition at the time of the alleged discrimination. The positive and negative effects of mitigating measures used by the individual, such as medication or an assistive device, must be considered when deciding if he or she has an impairment that substantially limits a major life activity. **Sutton v. United Airlines, Inc.**, 527 U.S. 471 (1999); **Murphy v. United Parcel Service, Inc.**, 527 U.S. 516 (1999).

The Office of Personnel Management regulations defining medical documentation required for a disability claim provides at 5 C.F.R. 339.102: "(a) the history of the specific medical condition(s), including references to findings from previous examinations, treatment and responses to treatment; (b) clinical findings from the most recent medical evaluation, including any of the following which have been obtained: findings of physical examination, results of laboratory tests, X-rays, EKG's and other special evaluations for diagnostic procedure, and in the case of psychiatric disease, the findings of a mental status examination and the results of psychological studies; (c) assessment of the current clinical

David F. Poehler
Page 4

status and plans for future treatment; (d) diagnosis; (e) an estimate of the expected date of full or partial recovery; (f) an explanation of the impact of the medical condition on the life activities both on and off the job; (g) narrative explanation of the medical basis for any conclusions that the medical condition has or has not become static or well stabilized:..."

To establish a **prima facie** case of reprisal discrimination, a complainant must show that: (1) s/he engaged in prior protected activity; (2) the agency official(s) was aware of the protected activity; (3) s/he was subsequently disadvantaged by an adverse action; and (4) there is a causal link between the protected activity and the adverse action. **Hochstadt v. Worcester Foundation for Experimental Biology, Inc.**, 425 F.Supp. 318, 324 (D.Mass.), aff'd, 545 F.2d 222 (1st Cir. 1976); **Manoharan v. Columbia University College of Physicians and Surgeons**, 842 F.2d 590, 593 (2d Cir. 1988). The causal connection may be shown by evidence that the adverse action followed the protected activity within such a period of time and in such a manner that a reprisal motive is inferred. **Grant v. Bethlehem Steel Corp.**, 622 F.2d 43 (2nd Cir. 1980). To support a finding of unlawful retaliation, there must be proof that the agency official(s) took the action at issue because of complainant's prior protected activity and sought to deter complainant or others. EEOC Compliance Manual on Retaliation, No. 915.003 (May 20, 1998), p. 8-16.

The complaint file indicates that at the time of the events described herein, you were a Full-Time Regular Parcel Post Distribution Machine Clerk, PS-05, at the Springfield Bulk Mail Center in Springfield, Massachusetts. You failed to respond to three affidavit requests made by the EEO Investigator during the investigation of your complaint. On PS Form 2565, EEO Complaint of Discrimination in the Postal Service, you claim that you were subjected to the following discriminatory actions: you were not made whole after the February 9, 2002 rescission of the Letter of Decision – Removal; your request for sick leave for January 12, 2002 was denied; you were not allowed to work during the period January 31, 2002 through February 14, 2002; management delayed the processing of your OWCP Form CA-2 that you submitted on January 10, 2002, and your inquiries as to why the delay have not been answered, and you have been denied reasonable accommodation since February 13, 2002. (ROI, Formal Complaint Tab, page 1). You state that management took these actions based on your mental and physical disabilities (not specified) and in retaliation for prior EEO activity.

As an initial matter, I find that your claim that management delayed the processing of your OWCP Form CA-2 that you submitted on January 10, 2002, and your inquiries as to why the delay were not answered (Claim 4), fails to state a claim. This claim constitutes an impermissible collateral attack on the OWCP decision making process, and, as such, fails to state a claim. The OWCP has exclusive jurisdiction over the administration, interpretation, and enforcement of the Federal Employees Compensation Act (FECA). In a similar complaint, the

David F. Poehler
Page 6

numbered 1B-012-0056-01. (ROI, Exhibit 2, page 1). Since the actions complained of in the instant case did not occur until approximately seven (7) months after your EEO case numbered 1B-012-0034-01 was initiated, too much time has elapsed to establish the requisite causal connection between the management actions complained of and your prior EEO activity. In **Clark County School District v. Breeden**, 2002 WL 402573 (SCT 2001), the U.S. Supreme Court held that to establish nexus, the temporal proximity must be "very close," citing **O'Neal v. Ferguson Constr. Co.**, 237 F.3d 1248, 1253 (CA 10 2001); **Richmond v. Oneok, Inc.**, 120 F.3d 205, 209 (CA 10 1997)(3-month period insufficient); **Hughes V. Derwinski**, 967 F.2d 1168, 1174-1175 (CA 7 1992)(4-month period insufficient).

Additionally, the EEOC is relying on shorter proximity time periods, i.e. 3-4 months. **Brown v. Department of Defense**, EEOC Appeal No. 01990413 (February 13, 2002); **Lombardo v. United States Postal Service**, EEOC Appeal No. 01996935 (April 4, 2002); **Turner v. United States Postal Service**, EEOC Appeal No. 01A03220 (February 21, 2003); **Turner v. Department of Defense**, EEOC Appeal No. 01A21018 (May 29, 2003); **Lynch v. United States Postal Service**, EEOC Appeal No. 01A24705 (August 14, 2003). In **Buggs v. Powell**, 293 F. Supp. 2d 135 (D.D.C. 2003), the U.S. District Court for the District of Columbia states that while courts have not established the maximum time lapse between protected activity and alleged retaliatory actions for establishing causal connection, courts generally have accepted time periods of a few days up to a few months and seldom have accepted time lapses outside of a year in length. Further, the District Court stated that the cases cited by the **Breeden** Court seem to suggest that if a plaintiff relies upon temporal proximity alone to establish causation, the time span must be under three months.

Assuming **arguendo** that you established a **prima facie** case of discrimination, management articulated a legitimate nondiscriminatory reason for the actions taken. The complaint file indicates that you were issued a Notice of Proposed Removal on January 4, 2002 for the charge of Failure to Comply With an Official Directive. Specifically, you failed to comply with a directive issued to you on November 16, 2001 concerning your absence from work since November 6, 2001. (ROI, Exhibit 3). On January 25, 2002, a Letter of Decision was issued on the Notice of Proposed Removal. In that decision, Allan J. Hearn, Manager, Distribution Operations, found that the evidence warranted your removal. (ROI, Exhibit 5). However, by letter dated February 9, 2002, you were notified by Jerome Penna, Supervisor Distribution Operations, that the removal had been rescinded. In the letter, Mr. Penna provided you with several options, including your return to work, and asked that you contact him no later than February 13, 2002 to advise him of the selected option. (ROI, Exhibit 7).

As indicated above, for the period January 31, 2002 through February 9, 2002, the Agency had initiated the removal process with regard to your employment. Mr. Penna testified that you had been considered Absent Without Leave at the

David F. Poehler
Page 7

time that the Notice of Proposed Removal had been issued on January 4, 2002. Therefore, you were not entitled to be "made whole" for this time period. Mr. Penna stated that you could have returned to work as of February 10, 2002. Mr. Hearn indicated that you needed to be cleared to return to work after the rescission of the removal action. Under the Employee and Labor Relations Manual, employees need to be cleared to return to work after an extended absence due to illness or injury. (ROI, Exhibit 13). The complaint file indicates that through the grievance process, you were compensated for your absence during the period January 31, 2002 through February 14, 2002. (ROI, Exhibits 8 and 9). (Claims 1 and 3).

The complaint file indicates that Mr. Penna denied your request for eight (8) hours of sick leave for January 12, 2002. (ROI, Exhibit 4). Mr. Penna indicated that your sick leave was denied for January 12, 2002 because the removal process had been initiated. (ROI, Affidavit B, page 4). (Claim 2).

With regard to Claim 5, you indicated during the counseling process that management had failed to provide you with reasonable accommodation in that it had not transferred you to another work area away from your current supervisors. (ROI, Counselor's Report, pages 7-9). Mr. Hearn testified that you had requested to be assigned to the General Mail Facility. However, you both agreed that you would be assigned to the BMC-East from the Bulk Mail Center. According to Mr. Hearn, he believed that you were happy with the move to the BMC-East, and you had not informed him that you were not being accommodated following the move. (ROI, Affidavit C, page 5).

Finally, you have the burden of proving, by a preponderance of the evidence, that the reasons asserted by management were not the true reasons, but merely pretexts for discrimination. **Burdine**, 450 U.S. at 247. You may meet your burden either directly by persuading the trier of fact that a discriminatory reason more likely than not motivated the employer or indirectly, by showing the employer's proffered explanation is unworthy of credence. **Burdine**, 450 U.S. at 256. In **St. Mary's Honor Center v. Hicks**, 509 U.S. 502 (1993), the Supreme Court held that a fact finder is not required as a matter of law, to find discrimination whenever it finds that the employer's explanation is not credible. The critical factor is that the court must be persuaded that it was discrimination that motivated the employer to act as it did. According to the Court, it is not sufficient "to disbelieve the employer; the fact finder must believe the plaintiff's explanation of intentional discrimination." **Hicks**, 509 U.S. at 519. I am not persuaded that management's actions as described in this complaint were motivated by discrimination.

It is noted that you failed to provide an affidavit during the investigation of your complaint. The Commission has held that where the EEO investigator asked the complainant to provide specific information and the complainant failed to do so, any deficiency in the record preventing the complainant from meeting his burden

David F. Poehler
Page 8

of proof is not based on the agency's failure to conduct a proper investigation. **Scurra v. United States Postal Service**, EEOC Appeal No. 01965021 (October 8, 1998).

After carefully considering the entire record, and applying the legal standards outlined in **McDonnell Douglas Corp. v. Green**, 411 U.S. 792 (1973); **Prewitt v. U.S. Postal Service**, 662 F.2d 292 (5th Cir. 1981) (applying the standard to cases brought under the Rehabilitation Act) and **Hochstadt v. Worcester Foundation for Experimental Biology, Inc.**, 425 F.Supp. 318 (D.Mass.), aff'd 545 F.2d 222 (1st Cir. 1976) (applying the standard to reprisal cases), I find that you have failed to prove that you were subjected to discrimination as alleged and your complaint is now closed.

## APPEAL RIGHTS

### APPEAL TO THE EEOC

You have the right to appeal the Postal Service's final decision to the **Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848**, within 30 calendar days of your receipt of this decision. You must use PS Form 3573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the **Manager, EEO Compliance & Appeals, Appeals Processing Center, USPS, 6 Griffin Road North, Windsor, CT 06006-7052**. You are advised that if you file your appeal beyond the thirty (30) day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. §1614.604, the Commission may dismiss the appeal as untimely.

### RIGHT TO FILE A CIVIL ACTION

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within ninety (90) calendar days of your receipt of the Postal Service's final decision, within

David F. Poehler
Page 9

ninety (90) calendar days of the EEOC's final decision on any appeal, or after one hundred and eighty (180) days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be captioned **(Your Name) v. John E. Potter, Postmaster General**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

*Susan M. Flanga*
for Robert S. Hylen
Manager, EEO Compliance & Appeals

June 25, 2004
Date

Enclosures: PS Form 3573
Certificate of Service