# United States District Court
# District of Massachusetts

| | |
|---|---|
| **DAVID F. POEHLER**<br>                PLAINTIFF<br>v.<br><br>**JOHN E. POTTER, POSTMASTER GENERAL, USPS**<br>                DEFENDANT | **CIVIL ACTION NO.** 04-30192-MAP |

### PLAINTIFF'S MOTION TO VACATE JUDGMENT AND FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT LATE

The plaintiff, David F. Poehler ("Poehler"), brought this action against John E. Potter, Jr., United States Postmaster General, under Title VII of the Civil Rights Act of 1964. The plaintiff opposes defendant's motion for summary judgment on the grounds set forth on the proposed opposition and memorandum attached as an exhibit to this motion. Judgment entered against Plaintiff on May 4, 2006 as Plaintiff failed to file a timely opposition to the Defendant's Motion for Summary Judgment or extension to do so.

Under FRCP 60(b)(1), which empowers a court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." F.R.C.P. 60(b)(1). "Excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 394, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993); *Pratt v. Philbrook,* 109 F.3d 18, 19 (1st Cir. 1997). The Supreme Court has noted that determining what kind of neglect will be considered "excusable" is at bottom an equitable [decision], taking account of all relevant circumstances surrounding the party's omission. These include, ⋯, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of

the movant, and whether the movant acted in good faith. *Pioneer,* 507 U.S. at 395. The First Circuit supports "the philosophy that actions should ordinarily be resolved on their merits" and on "the command of the Civil Rules themselves." *Coon v. Grenier,* 867 F.2d 73 (1st Cir. 1989).

In the present case, Plaintiff's counsel filed for an extension to complete and file the opposition timely due to obligations involving his employment as City Solicitor. Plaintiff's counsel was appointed City Solicitor in January 2006, as a "part-time" position, but, due to the financial crisis which the City is experiencing (as described by the State Legislature in its findings set forth in the establishment of a Financial Control Board in Chapter 169 of the Acts of 2004) the duties as City Solicitor has required more than just a part time job, and has consumed more than a normal 37.5 hour full time work week. Upon realizing the overburdened workload, Counsel has been attempting to find successor counsel or an additional attorney to file an appearance to assist in the prosecution of his private cases, but has been unsuccessful to date. As to the present case, Due to the hectic schedule, Counsel did not realize the time for filing the brief had expired until receipt of notice that judgment had entered. The Plaintiff David Poehler was in no way at fault for this neglect of his counsel. Counsel for plaintiff states that this motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has sufficient evidence to defeat summary judgment and that no unfair prejudice will accrue to the opposing parties should the motion be granted based on the short period of time involved and the submission of the proposed opposition herewith. *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir.2002) (citing *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17, 20-21 (1st Cir.1992)).

For the reasons stated above, the Plaintiff respectfully requests that the motion be allowed.

                                                                Respectfully submitted,
                                                                Plaintiff

By:        __/s/ Edward M. Pikula_____
              Edward M. Pikula, Esq.
              BBO#399770
              O'CONNOR, MARTINELLI, CULLINAN
              & PIKULA
              1391 Main Street – Suite 1022
              Springfield, Massachusetts 01103
              Telephone:   (413) 781-5311
              Telefax:      (413) 727-2706

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on this 14[h] day of May 2006.

                                                                /s/ Edward M. Pikula